USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/26/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARIO DE LA ROSA,

                                Plaintiff,

           -v-

THE CITY OF NEW YORK et al.,

                              Defendants.

------------------------------------------------------------------X

15 Civ. 9104 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Mario De la Rosa brings this action under 42 U.S.C. § 1983 alleging that the mattress he was issued caused him severe back pain. Before the Court is the May 27, 2016 Report and Recommendation of the Hon. James C. Francis, United States Magistrate Judge, recommending that the Court grant the motion to dismiss with prejudice. Dkt. 8 ("Report"). For the following reasons, the Court adopts the Report in full.

### I. Background

The Court incorporates by reference the summary of the facts provided in the Report, to which no party objects. *See* Report at 2.

On November 18, 2015, De la Rosa filed a Complaint. Dkt. 2. On December 30, 2015, the case was referred to Judge Francis for general pretrial supervision and for a report and recommendation. Dkt. 4. On January 6, 2016, Judge Francis issued an Order to Amend, directing De la Rosa, within 60 days, to file an Amended Complaint complying with the legal standards for stating a conditions-of-confinement claim, which Judge Francis set forth. Dkt. 7. No Amended Complaint has been filed. On May 27, 2016, Judge Francis issued the Report, recommending that the Court dismiss the Complaint with prejudice. The deadline for the parties

to file objections to the Report was June 13, 2016. *See* Dkt. 8. To date, no objections have been filed.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As neither party has submitted objections to the Report, review for clear error is appropriate. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report at 9, both parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

Careful review of Judge Francis's thorough and well-reasoned Report (as well as the Order to Amend) reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.

## CONCLUSION

For the reasons articulated in the Report, the Court dismisses De la Rosa's Complaint with prejudice.

The Clerk of Court is directed to close this case.

The Court directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 26, 2016
       New York, New York

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
MARIO DELAROSA,                    :   15 Civ. 9104 (PAE) (JCF)
                                   :
              Plaintiff,           :       REPORT AND
                                   :       RECOMMENDATION
     - against -                   :
                                   :
MAYOR DE BLASIO, THE CITY OF       :
NEW YORK, GOVERNOR CUOMO, CORIZON  :
MANAGER (JD), and BOB BARKER,      :
                                   :
              Defendants.          :
- - - - - - - - - - - - - - - - - -:
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/16

TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

Pro se plaintiff Mario De la Rosa brings this action pursuant to 42 U.S.C. § 1984 against the City of New York (the "City") and Corizon Manager (JD).[1] Mr. De la Rosa alleges that his constitutional rights were violated when the mattress he was issued while detained at the Anna M. Kross Center ("AMKC") at Rikers Island was too thin, causing him to suffer back pain. After reviewing his complaint, I ordered Mr. De la Rosa to file an amended complaint by March 7, 2016, to address legal deficiencies in his pleadings. (1/6/16 Order at 9). Because Mr. De la Rosa has failed to amend his complaint, and because his complaint fails to state a claim upon which relief may be granted, I recommend

---

[1] Although the plaintiff also named Mayor Bill de Blasio, Governor Andrew Cuomo, and Bob Barker Company, Inc., in his complaint, the Court dismissed all claims against those defendants. (Order to Amend dated Jan. 6, 2016 ("1/6/16 Order") at 9).

1

that this action be dismissed.

Background

Mr. De la Rosa alleges that the mattress provided at AMKC has caused him "very bad lower back pain" and that x-rays of his back revealed muscle tears and nerve injuries. (Complaint, ¶¶ II.D, III). On August 4, 2015, Mr. De la Rosa filed a grievance with the Department of Correction about the mattress, suggesting that it was exacerbating his pre-existing back pain and requesting that it be replaced. (Inmate Grievance and Request Program Statement Form dated Aug. 4, 2015, attached as Exh. to Complaint). In response to his grievance, Mr. De la Rosa was advised to sign up for sick call to receive treatment for his back pain and told that, although his mattress would be inspected and replaced if necessary, the grievance department could do nothing further. (Complaint, ¶¶ II.D, IV.G; Inmate Grievance and Request Program Disposition Form, attached as Exh. to Complaint).

Mr. De la Rosa commenced this action on November 18, 2015. I subsequently ordered that he file an amended complaint that, "[t]o the greatest extent possible":

   a) give[s] the names and titles of all relevant persons;

   b) describe[s] all relevant events, stating the facts that support Plaintiff's case, including what each defendant has done or has failed to do;

   c) give[s] the dates and times of each relevant event

2

> or, if not known, the approximate date and time of each relevant event;
>
> d) give[s] the location where each relevant event occurred;
>
> e) describe[s] how each defendant's acts or omissions violated Plaintiff's rights and describe[s] the injuries Plaintiff suffered; and
>
> f) state[s] what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

(1/6/16 Order at 8). His failure to comply within sixty days, I warned, would result in my recommending that his action be dismissed. (1/16/16 Order at 9). The plaintiff did not respond.

Discussion

   A.  Legal Standard

The Court must dismiss a complaint "in which a prisoner seeks redress from a governmental entity[,] or officer or employee of a governmental entity," that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). In considering whether a complaint fails to state a claim, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and

3

conclusions" or "formulaic recitation[s] of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the minimum standard. Id. The Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)).

Pro se complaints are held to less stringent standards than those drafted by lawyers. Erickson, 551 U.S. at 94; see also McKeown v. New York State Commission on Judicial Conduct, 377 F. App'x 121, 122 (2d Cir. 2010). In fact, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." Kevilly v. New York, 410 F. App'x 371, 374 (2d Cir. 2010) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). Even after the Supreme Court imposed heightened pleading standards for all complaints in Twombly and Iqbal, pro se complaints are to be liberally construed. See Harris v. Mills, 572 F.3d 66, 72 (2d

Cir. 2009). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff has clearly failed to meet minimum pleading requirements. See Rahman v. Schriro, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)).

To state a conditions-of-confinement claim,[2] an inmate must allege (1) that an official's act or omission caused "a deprivation that is 'objectively, sufficiently serious' that he was denied 'the minimal civilized measure of life's necessities,' and (2) a 'sufficiently culpable state of mind' on the part of the defendant official, such as deliberate indifference to inmate health or safety." See Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "Although the Constitution does not require 'comfortable' prison conditions, the conditions of confinement may not 'involve the wanton and unnecessary infliction of pain.'" Walker v. Schult, 717 F.3d 119,

---

[2] It is unclear whether, during the relevant time period, Mr. De la Rosa was being detained while awaiting trial or was serving a jail sentence post-conviction. Courts analyze pretrial detainees' constitutional claims under the due process clause of the Fourteenth Amendment to the Constitution, rather than the Eighth Amendment. Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). However, where the plaintiff, as here, alleges that the defendants have acted with deliberate indifference in perpetuating an unconstitutional condition of confinement, the analysis under the Fourteenth Amendment is the same as under the Eighth Amendment. See id. at 72.

125 (2d Cir. 2013) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)).

In Howard v. City of New York, No. 12 Civ. 4069, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013), the court held that, to state a conditions-of-confinement claim based on circumstances such as those raised in the present complaint, the plaintiff must allege: (1) that he had a pre-existing medical condition requiring a special bed to protect against serious damage to his future health; (2) he made his condition known to the jail officials; (3) he requested a special bed to accommodate his medical condition; and (4) his request was denied by an official who know of an disregarded an excessive risk to the plaintiff's health or safety. Id. at *2. Where the plaintiff does not allege a pre-existing condition, he may still state a claim by alleging that his "medical condition was itself created by an inadequate bed or mattress and that an official who became aware of the situation failed to remedy it." Youmans v. Schriro, No. 12 Civ. 3690, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013).

B. Application

The plaintiff's complaint fails to satisfy the standard described above and must therefore be dismissed.

Mr. De la Rosa does not allege "the factual detail necessary to state a claim that he suffered injuries as a result of the

6

bed[]." DelaCruz v. City of New York, No. 15 Civ. 3030, 2015 WL 2399346, at *2 (S.D.N.Y. May 19, 2015) (dismissing claim where plaintiff failed to "indicate how the prison bedding has caused or exacerbated his claimed injuries"). Furthermore, there is no allegation that he informed any jail official of a pre-existing medical condition or that any official with knowledge of his condition disregarded an excessive risk to the plaintiff's health or safety. In fact, the complaint does not identify a single official who, by act or omission, exhibited "deliberate indifference" to the plaintiff's wellbeing. See Greene v. City of New York, No. 14 Civ. 3896, 2014 WL 5862008, at *2 (S.D.N.Y. Nov. 11, 2014) (dismissing complaint that "[did] not explain the role that each [individually-named] defendant played in the allegedly unlawful conduct").

The Complaint also fails to state a claim of municipal liability against the City. To bring a § 1983 claim against a municipality, the plaintiff must allege (1) the existence of a municipal policy, custom, or practice and (2) that the policy, custom, or practice caused the alleged violation of the plaintiff's constitutional rights. Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). The plaintiff's complaint is deficient on both scores.

Accordingly, the plaintiff's claims should be dismissed.

7

While "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once," Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)); see also McGee v. Pallito, No. 10-CV-11, 2014 WL 360289, at *12 (D. Vt. Feb. 3, 2014) (noting that "[t]he Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to amend at least once"), here the Court has already granted the plaintiff leave to amend, and, indeed, provided him with a road map for stating a cause of action.  Because the plaintiff failed to address the deficiencies in his pleadings despite ample opportunity to do so, I recommend that his complaint be dismissed with prejudice.  See Ndremizara v. Swiss Re America Holding Corp., 93 F. Supp. 3d 301, 318-19 (S.D.N.Y. 2015); Terio v. Michaud, No. 10 Civ. 4276, 2011 WL 2610586, at *2-3 (S.D.N.Y. June 15, 2011).

Conclusion

For the reasons discussed above, I recommend that the Complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the

chambers of the Honorable Paul A. Engelmayer, Room 2201, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         May 27, 2016

Copies mailed this date to:

Mario De la Rosa
8951501020
Anna M. Kross Center
18-18 Hazen St.
East Elmhurst, NY 11370